**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RACHEL BEARD, TINA BEARD, RAMONA LAWSON, individually and as Next friend of S.L., a minor, NATASHA RIGBY, individually and as next friend of A.M., a minor, MICHELLE ROLF, and TRACY LATRAILLE, <br><br>        Plaintiffs, <br><br>v. <br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE and GLAXOSMITHKLINE, <br><br>        Defendants. | ) ) ) ) ) ) ) ) ) No. 4:15-CV-1833 RLW ) ) ) ) ) ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant GlaxoSmithKline LLC's Motion to Dismiss for Lack of Personal Jurisdiction or Motion to Sever and Transfer Venue (ECF No. 8). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiffs are the mothers and their children, who allege that the mothers ingested Paxil during their pregnancies and the children suffered birth defects as a result. *See* Petition, ECF No. 4, *passim*. Plaintiffs allege that Defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a Pennsylvania corporation, and that GlaxoSmithKline LLC is a Delaware limited liability company. (Petition at 1). Defendants clarify that the Petition incorrectly names

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"SmithKline Beecham Corporation d/b/a GlaxoSmithKline" and "GlaxoSmithKline LLC" as separate defendants. (ECF No. 9 at 2). Defendants states that on October 27, 2009, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, a Pennsylvania corporation, converted to GlaxoSmithKline LLC, a limited liability company whose sole member is a Delaware corporation. (ECF No. 9 at 2). Defendant GlaxoSmithKline LLC, formerly SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), thus, is a citizen of Delaware and it maintains its corporate and administrative headquarters in Pennsylvania and North Carolina.

In the motion before the Court, GSK submits that this Court lacks personal jurisdiction over GSK, an out-of-state defendant. GSK requests dismissal of this action or, in the alternative, severance and transfer of this action to the districts where the mother Plaintiffs were allegedly prescribed and ingested Paxil during their pregnancies.

## DISCUSSION

### I. Personal Jurisdiction

As a basis for personal jurisdiction, the Petition alleges that "GSK transacts substantial and continuous business in Missouri," "received substantial revenues from the State of Missouri[,] and/or distributed products in the State of Missouri." (Petition, ¶¶7-8). The Petition recites the elements of the Missouri long-arm statute and committed one or more acts enumerated in the statute. (Petition, ¶7).[2] Finally, Plaintiffs allege GSK marketed, promoted and sold Paxil throughout the United States, including in the City of St. Louis, Missouri. (Petition, ¶8).[3]

The minimum contacts necessary for due process may be the basis for either "general" or "specific" jurisdiction. *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472,

---

[2] The Petition is mis-numbered and this is the second paragraph 7.
[3] This is the second paragraph 8.

475 (8th Cir. 2012); *Johnson v. Arden,* 614 F.3d 785, 794 (8th Cir. 2010). A court obtains general jurisdiction against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *Id.* Specific jurisdiction over a defendant, on the other hand, is exercised when a state asserts personal jurisdiction over a nonresident defendant that has purposefully availed itself of the privilege of conducting business in the forum in a suit arising out of or related to the defendant's contacts with the forum. *See Pangaea, Inc. v. Flying Burrito LLC,* 647 F.3d 741, 745–46 (8th Cir. 2001); *Johnson,* 614 F.3d at 794–95. It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Dairy Farmers,* 702 F.3d at 477; *see also Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

Plaintiffs argue that GSK consented to jurisdiction by assigning a registered agent for its business. (ECF No. 12 at 3-4). As noted by Plaintiffs, the Eighth Circuit held in *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) that appointment of an agent for service of process under the relevant state statute gives consent to the jurisdiction of state courts for any cause of action, whether or not arising out of activities within the state. *Id*. at 1200. Since that decision, however, some district courts have questioned that analysis based upon more recent United States Supreme Court precedent, such as *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). In *Daimler*, the Supreme Court held that Daimler, a company headquartered in Germany, could not be sued in California for injuries allegedly caused by the conduct of its Argentinian subsidiary when that conduct took place entirely outside of the United States.

GSK contends that this Court lacks personal jurisdiction over it under recent United States Supreme Court precedent. (ECF No. 9 at 7). GSK states that a "[a] corporation's

continuous activity of some sorts within a state … is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (ECF No. 9 at 7 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2856 (2001)). GSK notes that courts in this district have likewise observed that they lack personal jurisdiction in similar cases involving the antidepressant Zoloft. (ECF No. 9 at 7 (citing cases)).

In response, Plaintiffs argue that, even after *Daimler*, the appointment of an agent can establish personal jurisdiction. (ECF No. 12 at 6-8 (citing cases)). Plaintiffs contend that GSK consented to general personal jurisdiction by establishing a corporate agent in Missouri. *Id.*; *see Perrigo Co. v. Merial Ltd.*, No. 8:14-CV-403, 2015 WL 1538088, at *7 (D. Neb. Apr. 7, 2015) ("appointment of an agent for service of process constitutes consent to jurisdiction, and the Due Process Clause is satisfied"). Plaintiffs argue that "[b]ecause of the breadth of the Missouri registration statutes, as in *Knowlton* and the numerous post-*Daimler* cases that have recognized its viability, the appointment of a registered agent in Missouri is sufficient to establish personal jurisdiction over GSK." (ECF No. 12 at 8).

The Court recognizes the line of older cases that have found that personal jurisdiction can be based upon having a registered agent in the forum statue. *See Knowlton*, 900 F.2d at 1200. This Court, however, agrees with more recent judicial precedent from the United States Supreme Court and this district that have determined that more substantial contacts are required to hale a litigant into the court's forum. The extent of Plaintiff's allegations is that GSK marketed and sold Paxil in Missouri. These facts are much less than was alleged in *Daimler* and, therefore, personal jurisdiction cannot be found here. Simply marketing and selling a product in a state does not make the defendant's affiliations with the state so "continuous and systematic as to render them essentially at home in the forum state." *Goodyear*, 131 S. Ct. at 2851; *Barron v.*

*Pfizer, Inc.*, No. 4:15–CV–584 CAS (E.D. Mo. filed Oct. 6, 2015); *Clarke v. Pfizer, Inc.*, No. 4:15-CV-1072 AGF (E.D. Mo. filed Sept. 8, 2015); *Keeley v. Pfizer, Inc.*, No. 4:15-CV-583 ERW (E.D. Mo. filed July 1, 2015); *Fidler v. Pfizer Inc.*, No. 4:15-CV-582 RWS (E.D. Mo. filed June 25, 2015). Plaintiffs have not alleged that they were sold Paxil in Missouri or that they ingested Paxil in Missouri. In fact, Plaintiffs have not alleged any connection between Missouri and their injuries. Plaintiffs have not alleged any facts supporting a finding of personal jurisdiction and the Court finds that such jurisdiction does not exist.

## II.     Motion to Transfer

Having found that personal jurisdiction does not exist in this forum, the Court must address GSK's motion to transfer. 28 U.S.C. §1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Defendants note that the Plaintiffs were injured in different states and the mother Plaintiffs were presumably prescribed Paxil by different healthcare providers. (ECF No. 9 at 9). Rachel Beard was born in Tallahassee, Florida (within the Northern District of Florida). (Petition, ¶9). The Lawson Plaintiffs reside in and S.L. was born in Miami, Florida (within the Southern District of Florida). (Petition, ¶10). The Rigby Plaintiffs reside in and A.M. was born in Orlando. Florida (within the Middle District of Florida). (Petition, ¶11). The Rolf Plaintiffs reside in and Michelle Rolf was born in North Dakota (within the District of North Dakota). (Petition, ¶12).

Defendants request that this Court sever Plaintiffs' claims and transfer them to their respective home districts. (ECF No. 9 at 9). Defendants assert that transfer of Plaintiffs' claims to their respective home districts would serve the convenience of the parties and witnesses as

well as the interests of justice and moot the problem with personal jurisdiction. (ECF No. 9 at 9). In response, Plaintiffs argue that "[i]f the Court is inclined to reject Plaintiffs' consent to jurisdiction argument, Plaintiffs respectfully request that the Court entertain GSK's alternative motion and transfer this action to the United States District Court for the Middle District of Florida, rather than dismiss it for lack of personal jurisdiction." (ECF No. 12 at 9-10). Plaintiffs propose the Middle District of Florida because it is the most convenient for the Florida Plaintiffs. Alternatively, Plaintiff asks that the Court sever the claims of the Beard Plaintiffs, the Lawson Plaintiffs, the Rigby Plaintiffs, and the Rolf/Latraille Plaintiffs and transfer them to separate venues. (ECF No. 9 at 10).

The Court first must determine whether this case could have originally been brought in the transferee venue. *See* 28 U.S.C. §1404(a). Venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." 28 U.S.C. §1391(a)(2). Plaintiffs do not allege that the mother Plaintiffs were prescribed or ingested Paxil in Missouri. (Petition, *passim*). The Court finds that the relevant events to Plaintiff's claims occurred outside of Missouri, but instead where the mother Plaintiffs were prescribed and ingested Paxil during their pregnancies. Therefore, under 28 U.S.C. §1391(a), the Court holds that Plaintiffs could have originally brought this action in those respective districts.

Once the Court determines that a transferee district is an appropriate venue, the Court must also consider other factors when deciding whether to transfer a case. "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Factors which courts have considered in deciding a motion to transfer under §

1404(a) include, under the "convenience" prongs, (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875, n. 4 (E.D. Mo. 2000). Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *Id.*

The Court holds that the convenience of the parties weighs in favor of transfer. Defendants argue, and Plaintiffs do not dispute, that Plaintiffs' home districts will be have a significant number of the parties and witnesses, as well as the documents relevant to Plaintiffs' causes of action. (ECF No. 9 at 10-11). In addition, Defendants maintain that the law of Plaintiffs' home states will apply. (ECF No. 9 at 11-12). With respect to the interests of justice, Defendants note, and Plaintiffs do not dispute, that Plaintiffs' home states will have greater interests in the litigation. (ECF No. 9 at 12-13). *See Abbott v. Schneider Nat'l Carriers, Inc.*, No. 4:08CV00430 AGF, 2008 WL 4279590, at *4 (E.D. Mo. Sept. 12, 2008)("Missouri courts should not bear the burden of hearing a case with such a 'tenuous connection' to this forum."); *Continental Research Corp. v. Drummond Am. Corp.,* No. 4:07CV 1155 CDP, 2007 WL 4287873, at * 5 (E.D.Mo. Dec.6, 2007) (transferring diversity case to Illinois when plaintiffs who were employees of a company headquartered in Missouri were not residents of Missouri, worked and were injured in four other states, and were only "marginally more inconvenienced (if

at all) by litigating in Illinois as opposed to Missouri."). In contrast, Plaintiffs have not demonstrated any relevant connection between Plaintiffs' causes of action and this forum. "A plaintiff's choice of forum is accorded less weight where the operative events giving rise to the lawsuit took place in another forum." *Abbott*, 2008 WL 4279590, at *3. The Court also holds that transfer of this case to the respective home states of Plaintiffs would minimize the costs of litigation, particularly travel expenses for witnesses. (ECF No. 9 at 13). Finally, the Court holds that transfer to the respective district courts would reduce conflict of law issues and allow a local court to determine local issues. (ECF No. 9 at 14-15). Based upon the foregoing, the Court further holds that convenience and the interests of justice warrant severance and transfer of these actions.

Plaintiffs, however, suggest that their claims be transferred to the Middle District of Florida. Plaintiffs state that the Middle District of Florida is "the most convenient for the Florida Plaintiffs." (ECF No. 12 at 9). In the alternative, Plaintiffs propose that "the Court could sever the claims of the Beard Plaintiffs, the Lawson Plaintiffs, the Rigby Plaintiffs, and the Rolf/Latraille Plaintiffs and transfer them to separate venues." (ECF No. 12 at 9).

The Court finds that Plaintiffs has not demonstrated that the Middle of District of Florida would be a convenient or appropriate venue for all of the Plaintiffs. As previously discussed, the critical events differ for each of the mother-child pairs and, therefore, their claims must be severed and transferred to different districts. Rachel and Tina Beard's claims shall be transferred to the Northern District of Florida. Ramona Lawson and S.L.'s claims shall be transferred to the Southern District of Florida. Natasha Rigby and A.M.'s claims shall be transferred to the Middle District of Florida. Finally, Tracy Latraille and Michelle Rolf's claims shall be transferred to the District of North Dakota.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant GlaxoSmithKline LLC's Motion to Dismiss for Lack of Personal Jurisdiction or Motion to Sever and Transfer Venue (ECF No. 8) is **GRANTED**, in part, and **DENIED**, in part. This action is severed and Rachel and Tina Beard's claims shall be transferred to the Northern District of Florida; Ramona Lawson and S.L.'s claims shall be transferred to the Southern District of Florida; Natasha Rigby and A.M.'s claims shall be transferred to the Middle District of Florida; Tracy Latraille and Michelle Rolf's claims shall be transferred to the District of North Dakota.

Dated this 3rd day of May, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**